UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| RICKY DENTON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 12-219-DCR |
| ) | |
| V. ) | |
| ) | |
| UNITED STATES ATTORNEY ) | **MEMORANDUM ORDER** |
| GENERAL, et al., ) | |
| ) | |
| Respondents. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

*Pro Se* Petitioner Ricky Denton is currently confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Denton has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a motion for leave to proceed in forma pauperis. [Record Nos. 1, 2] In his Petition, Denton asserts that he has filed a motion for a new trial in the Alabama district court where he was convicted based upon newly-discovered evidence; namely, that the prosecution intimidated witnesses to testify falsely against him. [Record No. 1, p. 4] Although he argues that he is being refused access to the court system, he also indicates that his case is currently pending on direct appeal. [*Id.*, p. 2]

On February 17, 2012, Denton was sentenced to a total term of incarceration of 246 months following his conviction for armed bank robbery and brandishing a firearm during a crime of violence. *See United States v. Denton*, No. 3:11-CR-054-SLB-JEO (N.D. Ala. 2011). This sentence was ordered to run consecutive to the 70-month term of incarceration imposed on

January 25, 2012, following a conviction for conspiracy to commit mail fraud. *See United States v. Denton*, No. 3:11-CR-098-IPJ-JEO-1 (N.D. Ala. 2011). Both cases are currently on direct appeal before the United States Court of Appeals for the Eleventh Circuit. *See United States v. Denton*, No. 11-14663-FF (11th Cir. 2011), and *United States v. Denton*, No. 11-10619-FF (11th Cir. 2011).

Because 28 U.S.C. § 2255 provides the correct mechanism for a federal prisoner to challenge his conviction or sentence, the Court will deny Denton's § 2241 motion. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). The Court notes that a habeas petition filed under 28 U.S.C. § 2241 may only be used to challenge a federal conviction under very narrow circumstances and only if § 2255 provides a remedy that is inadequate or ineffective. *Martin v. Perez*, 319 F.3d 799, 803-04 (6th Cir. 2003). Here, Denton's convictions are being challenged on direct appeal, making even a motion for relief under § 2255 premature. *Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished) (noting that the "well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.") (quoting *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)).

In summary, Denton must complete the appellate process before seeking relief via § 2255, a step he must take before he may make even a colorable argument for the availability of a remedy under § 2241. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006). Accordingly, it is hereby

**ORDERED** as follows:

1) Petitioner Ricky Denton's Petitioner for a Writ of Habeas Corpus [Record No. 1] is **DENIED**.

2) Petitioner Ricky Denton's motion to proceed in forma pauperis [Record No. 2] is **DENIED** as moot.

This 7th day of November, 2012.

Signed By:
*Danny C. Reeves* DCR
United States District Judge